■ LUMBERMENS MUTUAL CASUALTY COMPANY et al., Appellants, v COMMONWEALTH OF PENNSYLVANIA et al., Respondents. [859 NYS2d 146]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered February 29, 2008, dismissing the action for lack of subject matter jurisdiction pursuant to an order, same court and Justice, entered January 31, 2008, which, in a declaratory judgment action involving insurance coverage for environmental pollution in Pennsylvania allegedly caused by highway construction in Pennsylvania, granted defendants Commonwealth of Pennsylvania and Pennsylvania Department of Transportation's (Penn DOT) motion to dismiss the action, and denied, as academic, plaintiff insurers' cross motion for a preliminary injunction prohibiting defendants from litigating the issue of coverage in Pennsylvania, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for consideration of the cross motion on the merits. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

In enacting General Obligations Law § 5-1402 and CPLR 327 (b), the Legislature made explicit that public policy favors New York courts retaining actions against foreign states where a choice of New York law has been made and the foreign state agreed to submit to New York's jurisdiction. The doctrine of comity does not, in the present declaratory context involving insurance coverage and New York forum-selection and choice-of-law clauses contained in the insurance policy, warrant recognition of defendants' sovereign immunity (*cf. Korsinsky v Society Natl. Bank*, 304 AD2d 793 [2003], citing *Legal Capital, LLC. v Medical Professional Liab. Catastrophe Loss Fund*, 561 Pa 336, 342, 750 A2d 299, 302 [2000]). We reject defendants' argument that Penn DOT lacked authority to waive its sovereign immunity by agreeing to submit to New York's jurisdiction. Penn DOT did not waive its sovereign immunity; rather, it agreed to litigate in a forum where it does not have sovereign immunity (*see Nevada v Hall*, 440 US 410, 416 [1979] [while "no sovereign may be sued in its own courts without its consent," there is "no support for a claim of immunity in another sovereign's

courts"]). We have considered and rejected defendants' other arguments. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ. [*See* 18 Misc 3d 1122(A), 2008 NY Slip Op 50161(U).]